### THE FARRAGUT.
### THE BALTIMORE.
### THE DALY NO. 38.
### THE OVERBROOK.

District Court, S. D. New York.

March 25, 1946.

Decree Affirmed June 3, 1947.
See 161 F.2d 966.

Macklin, Brown, Lenahan & Speer, of New York City (Gerald J. McKernan, of New York City, of counsel), for barge Farragut.

Mahar & Mason, of New York City (Frank C. Mason, of New York City, of counsel), for barge Daly No. 38.

Burlingham, Veeder, Clark & Hupper, of New York City (Frederic Conger and George R. Wagner, both of New York City, of counsel), for tug Overbrook.

### Findings of Fact.

COXE, District Judge.

1. At about 1:00 AM, February 8, 1944, the barge Farragut, located in the middle of the third tier of a tow in charge of the tug Baltimore, sank and became submerged in the vicinity of the Pennsylvania stake boat No. 740 off Bedloes Island, and a short time afterwards the cabin roof of the barge Farragut was awash.

2. Thereafter the Pennsylvania tug Pittsburgh removed two barges from the starboard side of the second and third tiers, and at that time the tug Baltimore was lying alongside the barge Daly No. 38 at the port after-side of the tow.

3. The tide was ebb, and after the two barges were removed the sunken Farragut was not in its normal position in the tow but was so much to starboard that it could be readily collided with, if due precaution was not taken to avoid it.

4. At or about 4 AM, while it was clear and moonlit, the Baltimore made fast to the port side of the Daly No. 38, and after going astern went ahead along the starboard side of the tow and brought the Daly No. 38 into collision with the Farragut, causing extensive damage to the No. 38 requiring that it be immediately beached at Ellis Island, where it sank. Expenses were also incurred in salving the barge and her cargo.

5. No steps were taken by those in charge of the Baltimore to ascertain the location of the sunken Farragut by sounding, inquiry, the use of its searchlight or other available means.

6. Proper caution in the navigation of the tug Baltimore would have disclosed

to those in charge of the tug Baltimore the location of the barge Farragut.

7. At about 2 AM on February 8, 1944, a dispatcher, by name Miller, employed by the Pennsylvania Railroad, spoke by telephone to Loretta O'Boyle and stated that the Farragut had sunk at the stake boat and that the Coast Guard had been notified of the sinking.

8. A Coast Guard vessel and Pennsylvania tugs were at the scene of the sinking shortly after it occurred, and before the tug Baltimore took the barge Daly No. 38 in tow.

9. The Coast Guard was the proper authority to receive notice of a sunken vessel in order that it would be properly buoyed and marked.

10. No steps were taken by Loretta O'Boyle or any one connected with Anthony O'Boyle Inc. to give notice to the Coast Guard until after the Daly No. 38 had been brought in collision with the sunken Farragut.

Conclusions of Law.

■ 1. Those in charge of the Baltimore were solely at fault for bringing the barge Daly No. 38 into collision with the sunken Farragut, because they knew or should have known of the location of the wreck or should have taken steps to ascertain its position in that area.

■ 2. There was no fault on the part of the barge Farragut or her owner, either in connection with the sinking of the Daly No. 38 or by reason of the fact that steps were not taken prior to the collision to mark the wreck, because I have found that the Pennsylvania dispatcher told Loretta O'Boyle that the Coast Guard had been notified, and also because too short a time elapsed between the notice to Loretta O'Boyle and the time of the collision of the Daly No. 38 with the Farragut, to have afforded her or the other officers of Anthony O'Boyle Inc. the opportunity to mark the wreck.

3. There was no fault on the part of the tug Overbrook.

4. A decree should be entered in the consolidated cause in favor of the claimant Bartle Daly as owner of the barge Daly No. 38, and also in favor of Greenpoint Coal Docks Inc. as owner of the cargo of coke laden on that barge, against the steamtug Baltimore, for their damages, with interest and costs, and with the usual order of reference. The decree should provide for the dismissal of the libel of Bartle Daly as against the tug Overbrook, but without costs, and also should provide for the dismissal of the libel of Greenpoint Coal Docks Inc. as against the barge Daly No. 38 and Bartle Daly, but without costs.